IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40298
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

EDGAR PORRAS-CANO,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-97-CR-377-1
- - - - - - - - - -

February 11, 1999

Before BARKSDALE and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

Edgar Porras-Cano appeals the sentence he received following his guilty-plea conviction for attempting to illegally reenter the United States after deportation, in violation of 8 U.S.C. § 1326(a). Porras argues that the district court erred and acted in violation of his right to due process by imposing a sixteen-point enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), for his

---

[*]This matter is being decided by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior Texas felony conviction for possession of cocaine.  Porras'

contention that the district court erred in applying the guideline is foreclosed by our opinion in <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 694 (5th Cir. 1997).  Porras' constitutional argument is unfounded because his challenge is to a sentencing guideline, not to a criminal statute.  "Due process does not mandate . . . notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall."  <u>United States v. Pearson</u>, 910 F.2d 221, 223 (5th Cir. 1991).

AFFIRMED.